UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V )<br>)<br>GERALD ANDERSON, )<br>  a/k/a "WEASLE", "WEZLE" )<br>  and "WEEZE", and )<br>)<br>JAMES BOGARTY, a/k/a "CHUCK", )<br>)<br>Defendants ) | CRIMINAL NO. 04-10110-RWZ |

## MEMORANDUM IN SUPPORT OF THE DEFENDANT'S APPLICATION FOR BAIL TO A THIRD PARTY CUSTODIAN

On 4/27/04, the government moved and argued for detention of the defendant on the grounds of (1) risk of flight and (2) danger to the community. At that point the defendant requested added time to explore further the government's contentions and the eligibility of a possible third party custodian. The defendant agreed to an Order of Voluntary Detention for this purpose.

The Court thereupon entered an Order of even date allowing Voluntary Detention until further request of the defendant for a continued hearing. On 6/25/04, pursuant to such a request, the Court set further hearing for July 1, 2004 at 2:30 P.M.

The defendant's mother, Leola Bogarty, 5 Esmond Street, Dorchester, MA, proved to be ineligible as a third party custodian due to her residence in subsidized housing. Accordingly, the defendant's friend, Kimberly Herndon, a lifelong friend and single mother of 19 Fairlawn Street, Dorchester, MA thereafter agreed to act as a third party custodian. Ms. Herndon was interviewed by Pre Trial Services on May 10, 2004 and found to be an acceptable third party custodian. A copy of said interview is attached as Exhibit "A".

A.   <u>The Defendant Does Not Pose A Substantial Risk Of Flight</u>

With respect to the issue of flight, several factors should be noted. First, the defendant does not have a passport. Second, it is evident from the total sales price of $500.00 and a net weight of approximately 3.6 grams for the four charged sales that the defendant does not have access to any substantial funds to finance such flight. As the Pre Trial Services Report notes, he has long standing ties to the community. Moreover, the defendant's record (attached as Exhibit "B") does not provide evidence of past flight to avoid prosecution. In each instance where default was entered, it was removed by the defendant's later appearance. The defaults are rather consistent with is variety of addresses in the Roxbury, Dorchester, Mattapan area during the years in question and the likelihood of a missed notice or other accidental inadvertence. No sanction was ever imposed for such a missed court date.

Three specific examples will serve to illustrate the point.

First, on the one case where he was actually sentenced to confinement, i.e. the offenses listed on his record as of 8/11/93, he thought the case was on for Monday, 1/24/94 instead of Friday, 1/21/94. When he showed up on 1/24/94, the 1/21/94 default was removed and he was sentenced to a jail term which he served. Clearly he did not flee because a jail term was in the offing.

Second, his recent history shows he did not resort to flight to avoid court appearances. The two charges of class B distribution noted on his record as of 2/21/02 show he is essentially responsive to Court dates.

These two charges have been on the calendar in Suffolk Superior Court since 2/21/02. (Copy of the docket is attached as Exhibit "C"). The record shows that though the indictment was returned 2/21/02, no service of the summons was made, but the defendant came into Court on 3/11/02, was arraigned, and was released on personal recognizance in the sum of $100.00. Thereafter the defendant appeared on 4/16/02 and 12/5/02, 1/13/03, 2/6/03, 3/12/03, 7/2/03, 8/11/03, 10/1/03, 11/3/03 12/4/03, 3/1/04, and 4/13/04. This later appearance for a scheduled hearing on a suppression motion hearing was two days before his arrest and appearance in this Court on 4/15/04 on a sealed indictment returned 4/8/04. He is still on personal recognizance in

2

the amount of $100.00. A further date for hearing on the suppression motion is set for August 3, 2004.

With respect to the offenses on his record of 12/8/03, the trespassing offense was dismissed, and the 12/18/03 receipt of stolen property offense was a guilty plea, filed. The 12/18/03 uttering offense resulted in a suspended sentence. Neither of these offenses caused the Roxbury District Court to alter his personal recognizance bail. The defendant appeared as required.

Essentially, since 2/21/02, the defendant has continually appeared in Court as required. There is no substantial basis for finding he poses a risk or flight based upon his prior history. All of his prior missed Court appearances prior to 2/21/02 resulting in entries of default were cured of the default by his subsequent appearance. None of those missed appearances resulted in any added judicial sanction. The defendant advises several of the probation violations center upon urine test failures. The defendant successfully completed a nine month drug rehabilitation program at Project Turnabout, Hingham, MA on October 15, 2002. A copy of a confirmatory certificate is attached as Exhibit "D". The fact that the defendant has had a prior history of drug involvement does not alone equate to a substantial risk of flight.

B.  <u>Release Of The Defendant To A Third Party Custodian Does Not Pose A Substantial Danger To The Community</u>

On closer examination, the criminal record of the defendant does not support a finding he is a substantial danger to the community at this time. The defendant's last drug distribution offenses were the ones charged in this case, i.e. September, 2003. The assault and battery and threatening charges of 5/20/03 on his record were dismissed. The facts surrounding the 5/25/03 two charged counts of assault and battery on a police officer do not support a characterization of violence so as to allow a conclusion of dangerousness. The defendant recalls he was driving a borrowed car and was pulled over by police, who thought he was someone else. The state police present left to pursue the person they were seeking. Three undercover police also left to assist them. One police officer remained. He confronted the defendant insisting he had drugs, which the defendant denied. The officer found no drugs in the car. He wanted to strip search the defendant in the street. The defendant refused. The officer tried to put his hands in the

defendant's pants. Again, the defendant refused to let the officer do so. The officer then slapped the defendant, who in a reaction response, slapped the officer. These two counts were disposed by the Court simply filing them on 8/11/93. This dispositions certainly consistent with the defendant's version of a provoked encounter and a response which did not rise to the level of "violence" in the judgment of the Court, which simply filed them..

The possession of a firearm charge reflected on the criminal record of 8/11/93 resulted in a three year and a day sentence, which the defendant served. The weapon in question was a .22 caliber rifle. No other charge on his record involving a weapon or alleged act of violence resulted in a conviction. All were subsequently dismissed.

In sum, the defendant has not been convicted of a crime of violence or weapons charge since 8/11/93, almost eleven years ago.

The fact is the defendant has had a problem with drug usage. It is clear from the small amounts of drugs he is alleged to have sold he was a user selling just enough to feed a habit. His efforts in a nine month rehabilitation residence program at Project Turnabout, 224 Beal Street, Hingham, MA demonstrated his willingness to attempt to cure himself of the problem. From October 15, 2002, with the exception of the September 2003 offenses charged here, there is no record of the defendant's involvement with drugs. If released to the proposed third party custodian, he can continue his efforts to find work under the supervision of Pre Trial Services. He does not merit mindless confinement pending the outcome of his case.

Wherefore it is respectfully requested defendant be released to the custody of Ms. Kimberly Herndon as third party custodian.

Dated: June 30, 2004

Respectfully submitted,

_Edward J. Lee_
Edward J. Lee
BBO No. 291480
65 Franklin Street, Suite 500
Boston, Massachusetts 02110
Tel. (617) 350-6882

4

Certificate of Service

    I, Edward J. Lee, counsel for defendant, hereby state I have this day served a copy of the within Motion upon government counsel, A.U.S.A. David G. Tobin, by mailing a copy by first class mail to him at the Office of the United States Attorney, Suite 9200, United States Courthouse, 1 Courthouse Way, Boston, MA 02210.

Dated: June 30, 2004

_____
Edward J. Lee