UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2006 MAR 21 P 3:19

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA

v.                                    Cr. No. 04-CR-10110-RWZ

JAMES BOGARTY

MOTION FOR DOWNWARD DEPARTURE
OR NON-GUIDELINES SENTENCING AND
SENTENCING MEMORANDUM

The Defendant, James Bogarty, through counsel, moves that this Honorable Court order a Downward Departure to his USSG Advisory Sentence pursuant to the USSG §4A1-3, and pursuant to the policies set out for mitigating circumstances in USSG §5K2.0(a) and 18 USC §3553(b)(1) or in the alternative order a non-guidelines sentence for Defendant.

FOR REASON THEREFORE, Defendant, through counsel, states as follows:

**Statement of the Case**

On October 27, 2005 Defendant pled guilty to Counts 1 through 3 and 6 of a Superceding Indictment charging Distribution of Cocaine Base, School Zone Violation and Aiding and Abetting, in violation of 21USC §§841(a)(1) and 860(a) and 18USC §2 (Counts 1S and 3S); Distribution of Cocaine Base, Playground Zone Violation, and Aiding and Abetting, in violation of 21 USC §§2 ((Count 2S); and Distribution of Cocaine Base, and

Aiding and Abetting, in violation of 21 USC §841(a)(i) and 18 USC §2 (Count 6S). All sales were made to a Boston Police Officer. The total amount of crack cocaine attributed to Defendant is 4.6 grams.

**Defendant's Guidelines Calculations**

The Probation Department after conducting a pre-sentence investigation has determined that Defendant qualifies as a career offender (PPSR at §§45-46) relying on 2 prior felony convictions for controlled substance offenses.

As a career offender, after credit for acceptance of responsibility, Defendant's total offense level is 31, and his Criminal History Category is VI. The resulting Guideline Range and the advisory Guidelines Sentence this court might impose if a downward departure or alternative sentence is not granted is 188 to 235 months. Absent the 'career offender' provision, the guidelines range would be 70 to 87 months.[1]

---

[1] Defendants offense level is 23, calculated as follows:

| | |
|---|---|
| Base Offense Level (USSG S2 D1-1(8) (at most 4G but less than 5G Cocaine Base) | 24 |
| Enhancement (protected area) | +2 |
| | 26 |
| Acceptance of Responsibility | -3 |
| | 23 |
| Criminal History (IV PPSR §57) | |

2

### **Defendant's Background**

Defendant's criminal history, indeed Defendant's entire background of criminal activity, as described in Defendant's Pre-Sentence Report appears more serious than it is. Defendant is thirty-five years old and has been using controlled substances since he was 18 years of age and has been addicted to either heroin or crack cocaine for the last 13 years, more or less.

His entire criminal history is tightly connected to this drug history. His drug addiction has led to all the convictions which qualify him as a 'career offender' and have in the past resulted in several admissions to a variety of substance abuse treatment programs. Defendant has never been a major drug pusher. He has always been a small time dealer of small amounts of a variety of drugs. He is the classic user, selling small amounts for the sole purpose of providing himself with the wherewithal to support his own personal addiction. Yes, he sold close to school and playground zones, but there is no evidence that he sold to students or young children. Since his early experimentation with alcohol at age 10 Defendant has never lived without being dependent on or addicted to one controlled substance or another. Daily use of alcohol and marijuana at age 13, heroin use and addiction from age 22, addiction to crack cocaine at age 28 and committed

to several substance abuse treatment programs from age 31. PPSR Paras. 91-98.

The tragedy of Defendant's life is the fact that he is intelligent but without the resources or will to tear himself away from his addictions. He knew that he had an opportunity to escape the street life when he was accepted at East Boston High School where he did quite well and studied with several peers who have followed successful career paths. He started along that path himself, but bad decisions dragged him back down to his addictions. No father or strong influence in his life to mentor or guide him.

He misses his children (12 yrs. and 17 yrs.) terribly and is not confident that they will develop well without his participation in their upbringing. His incarceration will have a major negative effect on them.

### This Court Has The Discretion To Invoke USSG §4A 1-3 To Depart Downward In A Career Offender Case And Shall Do So In This Case.

I. Defendant technically meets the criteria for "career offender", but should be considered for a downward departure based on U.S.S.G. §4A1.3, in that his criminal history category substantially over-represents the seriousness of his criminal history or the likelihood that he will commit other crimes.

The Defendant seeks a downward departure from the now advisory career offender guidelines. In United States v. Lindia, 82 F.3d 1154 (1st Cir. 1996), the First Circuit held that a sentencing court may depart downward from the career offender guideline range on the authority of U.S.S.G. §4A1.3. This guideline provides for a downward departure when a defendant's criminal history category "significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes". Because the career offender guideline increases both the defendant's offense level and criminal history score, a departure under §4A1.3 can reduce either or both of these scores. See, United States v. Shoupe, 35 F.3d 835, 837 (3rd Cir. 1994). In analyzing whether a normal career offender's history truly reflects a history of recidivism, courts look to a variety of factors, including how old the predicate convictions are; the seriousness of the convictions (as gleaned, for example, from the sentence a defendant received); the temporal proximity of the convictions; and whether the convictions occurred in a defendant's troubled youth.

**Applying The Statutory Sentencing Factors To The Facts Of The Case**

The Defendant notes that the majority opinion set forth in United States v. Booker, 125 S.Ct. 738, 748-750(2005) clearly indicates that the

guidelines are advisory and this Court must consider the guideline ranges as well as factors set forth in Title 18 U.S.C. §3553a.

The new mandatory principle as set forth appears to be a limiting one in that the sentence must be "sufficient but not greater than necessary to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

- A. to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;
- B. to afford adequate deterrents to criminal conduct;
- C. to protect the public from further crimes of the defendant; and
- D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, Section 3553(a) further directs sentencing courts to consider the following factors:

1. The nature and circumstances of the offense as well as the history and characteristics of the defendant.

2. The kind of sentences available.

3. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

4. The need to provide restitution to any victims of the offense.

The Defendant pled guilty to distributing 4.67 grams of cocaine base to undercover officers and to aiding and abetting.

Section 3553(a)(1) mandates that the Court consider the Defendant's street-level dealing of less than five grams along with his history and characteristics to determine a just sentence. The Defendant requests that this Honorable Court sentence him to no greater a sentence than it would were the career enhancements not applicable. See, United States v. Collins, 122 F.3d 1297, 1309 (10th Cir. 1997) (district court sentenced defendant within range that would have applied without the career offender enhancement); United States v. Bowser, 941 F.2d 1019, 1026 (10th Cir. 1991). With an offense level of 23, and Criminal History Category of IV, Defendant's resulting non-career offender guideline range is 70 to 87 months. Defendant requests that this Honorable Court impose a fair and reasonable sentence outside this guideline range and not exceed the minimum guideline range of 70 months.

In support of this request, Defendant submits that pursuant to Section 3553(a)(6), it is appropriate for a sentencing court to avoid unwarranted sentencing disparities among Defendants with similar records who have been found guilty of similar conduct. See, Ferrara v. United States, 372 F.Supp. 2d 108, 122 (D. Mass. 2005); United States v. Henlsley, 363

F.Supp. 2d 843, 845 (W.D. Va 2005) (downward variance from guideline range under authority of §3553 appropriate to equalize sentences of co-defendants who were guilty of the same criminal conduct and who had similar criminal histories). During the course of this Warren Gardens investigation, law enforcement agents made forty-seven controlled purchases of crack cocaine from twenty-four individuals, fifteen of those individuals were charged in Federal Court. PPSR at Para. 4. The Defendant and the majority of the individuals arrested were considered "street-level dealers". PPSR at Para 10. On information and belief and according to the Pre-Plea Pre-Sentence Report ('Justin Teal PQSR') prepared for Justin Teal, another Warren Gardens Defendant sentenced last week by Judge Stearns, eight of the fifteen Defendants in the Federal Court have received sentences. Justin Teal PPSR at Paras L to T. These sentences range from 24 months to 84 months. The majority (five Defendants) received sentences ranging from 46 to 57 months. Justin Teal PPSR at Paras P to S. It is believed that at least four of these related Defendants (Jermaine Anderson, Corey Smith, Jerome Lassiter and Kevin Vickers) had a criminal history category greater than Defendant. Both Jermaine Anderson and Corey Smith received sentences of 46 months. Justin Teal PPSR at Para. P. Jerome Lassiter received a sentence of 57 months. Justin Teal PPSR at Para. R. To date

8

Kevin Vickers received the harshest sentence of 84 months. Justin Teal PPSR at Para. S. Similar to the Defendant Vickers was considered a career offender by the Probation Department and his career offender guidelines ranged from 188 to 235 months. See, Sentencing Memorandum of Kevin Vickers. Defendant's co-defendant Anderson received a sentence of 37 months last week by this Court.

Defendant requests this Honorable Court to sentence Defendant as a street-level dealer guilty of distributing less than five grams of cocaine base and for said sentence to be in parity with the majority of related Defendants who have been sentenced by this Court to 46-57 months.

## CONCLUSION

For the foregoing reasons this Honorable Court should impose a just sentence pursuant to Title 18 U.S.G. Section 3553(a) outside the guideline range and in parity with the majority of related, sentenced defendants of 46 to 57 months and not to exceed the Defendant's minimum guideline range (should career offender be excluded) of 70 months' incarceration.

JAMES BOGARTY
By his Attorney,

Robert Y. Murray
RAMSEY & MURRAY
225 Friend Street
Boston, MA 02114
(617)723-8100

March 21, 2006

9

## CERTIFICATE OF SERVICE

I, Robert Y. Murray, hereby certify that I have served a copy of the foregoing Motion for Downward Departure or Non-Guidelines Sentencing and Sentencing Memorandum upon the Commonwealth by delivering a copy of same, in hand, to David G. Tobin, Esq., Assistant U.S. Attorney, John J. Moakley Courthouse, One Courthouse Way, Boston, MA 02210 this 21st day of March, 2006.

Robert Y. Murray

BBO #365060