MAGISTRATE JUDGE Jouler

**07 CA 10140 RWZ**

FILED
CLERKS OFFICE

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District U.S. Massachusetts 02 |
|---|---|
| Name of Movant<br>James Bogarty | Prisoner No. #25193-038    Docket No. 04-10110-RWZ |
| Place of Confinement<br>FCI Fairton | |

(include name upon which convicted)

UNITED STATES OF AMERICA      V.    James Bogarty
(full name of movant)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack.

United States District Court District of Massachusetts

2. Date of judgment of conviction ___March 22, 2006___

3. Length of sentence___One Hundred and Eight Months (108)___

4. Nature of offense involved (all counts) ___21 USC 841 (a)(1) Distribution of Cocaine Base___

School Zone Violation Aiding and Abetting Counts 1, 2, 3; and Distribution

of Cocaine Base Aiding and Abetting Count 6.

5. What was your plea? (Check one)
   (a) Not guilty    ☒
   (b) Guilty       ☐
   (c) Nolo contendere   ☐

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

Pled guilty to counts 1, 2, 3 and 6.

6. Kind of trial: (Check one)
   (a) Jury       ☐
   (b) Judge only   ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

AO 243
REV. 6/82

9.  If you did appeal, answer the following:

(a)  Name of court _____

(b)  Result _____

(c)  Date of result _____

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
     Yes ☐ No ☒

11.  If your answer to 10 was "yes," give the following information:

(a) (1)  Name of court _____

(2)  Nature of proceeding _____

_____

(3)  Grounds raised _____

_____

_____

_____

(4)  Did you receive an evidentiary hearing on your petition, application or motion?
     Yes ☐ No ☐

(5)  Result _____

(6)  Date of result _____

(b)  As to any second petition, application or motion give the same information:

(1)  Name of court _____

(2)  Nature of proceeding _____

_____

(3)  Grounds raised _____

_____

_____

_____

_____

AO 243
REV ⁴⁰⁰

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: ___ Denial of Effective Assistance of Counsel _____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law): ___ See Attached _____

_____

_____

_____

_____

_____

B. Ground two: _____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

C. Ground three: _____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____

_____

_____

_____

AO 243
REV 6/82

D. Ground four: _____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: Ineffective assistance of counsel.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing _____

(b) At arraignment and plea ____ Robert Y. Murray Ramsey & Murray; 225 Friend Street
Boston MA  02114

(c) At trial _____

(d) At sentencing ____ Robert Y. Murray Ramsey & Murray; 225 Friend Street
Boston, MA  02114

AO 243
REV 6/82

(e) On appeal _____

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

January 17, 2006 .
(date)

_____
Signature of Movant

I respectfully suggest that I was provided with ineffective assistance of counsel during the sentencing stage of these proceedings. This resulted in the imposition of a severe one hundred and eight (108) month sentence. I respectfully suggest that my attorney's performance as it relates to his his Booker presentation was below the acceptable standard expected of criminal defense attorney's whom practice before the United States District Court for the District of Massachusetts.

Petitioner was sentenced following the United States Supreme Court's seminal decision in United States v. Booker. Prior to the decision in Booker appellate courts upheld the 100:1 differential against constitutional attack, including equal protection claim as it relates to the disparity in the sentencing between crack cocaine and powder cocaine. See United States v. Frazier 981 F.2d 92, 95-96 (3d Cir.1992) (holding distinctions between crack and cocaine powder for sentencing purposes are not an equal protection violation and that the 100:1 ratio is not cruel and unusual punishment); See United States v. Jones 979 F.2d 317, 320 (3d Cir. 1992)(holding guidelines provisions imposing higher offense levels for offenses involving crack cocaine not to be unconstitutionally vague), superseded by statute as stated in United States v. Roberson, 194 F.3d 408, 417 (3d Cir. 1999).

In Booker, the Court found that the mandatory guideline scheme was unconstitutional and in the "remedial" opinion, the Court remidied this constitutional violation by excising 3553(b)(1) from the Sentencing Reform Act of 1984, pub.L. No. 98-473, 98 Stat. 1837, 1987 (1984), rendering the Guidelines "effectively advisory." Booker 245, 125 S.Ct. 738. At the time of Petitioner's sentencing Petitioner respectfully suggests that all criminal practitioners in the Boston area that practiced before the federal courts familiarized themselves with the implications of Booker in preparation for their clients sentences.

As this Court Honorable Court is aware in the pre-Booker world there was a "disparity" among defendants with similar records who have been found guilty of similar conduct as it relates to the disparity in the sentencing of individuals convicted of crack cocaine crimes versus powder cocaine crimes. It simply is "befuddling" to believe that counselor Murray did not recognize such disparity.

In the case at bar counsel presented to this Honorable Court an increase in the base offense level of 24 points as the amount of cocaine base at issue was at most 4 G but less than 5 G. After a complete caculation this resulted in an advisory guideline of Level IV and offense level of 23 without the career offender provision for a guideline calculation of 70-87 months. However, those convicted of power cocaine would end up with a guideline range significantly lower as in the case the base offense level would be 11 for an advisory guideline calculation of 18-24 months.

Mr. Murray only argued disparity based on the calculation of 70-87 months and never argued to this Honorable Court that defendants in the United States convicted of similar crimes with similar criminal historys to Petitioner are routinely sentenced to serve sentences of 18-24 months. Petitioner was sentenced to six times more than those whom have committed "similar" offenses.

Petitioner proceeded to sentence without the Court being advised that under Booker it is permissible for the Court to consider the disparity of sentences imposed to those whom are sentenced with crimes involving powder cocaine versus crack cocaine. Indeed, it was the duty of this Honorable Court to impose a sentence that was sufficient but not greater than necessary in consideration of all of the statutory factors encunciated under 3553.

Petitioner respectfully suggests that the level of ineffectiveness that counsel engaged in can best be seen by review of U.S. v. Guntner 462 F.3d 237 (3rd Cir. 2006). In considering the proper means of sentencing those convicted of crack cocaine offenses under Booker the Court specifically held that the Court must consider the crack cocaine calculation as advisory and is permitted to consider the "disparity" of sentences to those convicted of powder cocaine offenses. In this case this would mean a sentence of 18-24 months.

In this case the Petitioner proceeded to sentence before the Honorable Rya W. Zobel. Judge Zobel is known as a fair minded and careful judge whom does not want to impose a sentence upon an individual that would cause an unwarranted disparity upon similarily situated defendants. However, Petitioner respectfully suggests that this is what occurred here as the result of counsel failing to even consider the effect of the 100:1 disparity in cocaine offenses in the post-Booker world.

Counsellor Murray also committed "statutory" Booker error by not assisting the Court in advising the court that the Court should consider disparity of sentences to powder cocaine convictions nationwide and other statutory Booker error in Petitioner's need to receive the type of drug treatment program that can only be received in a community custody setting which would have been possible when considering an 18-24 month sentence.

Petitioner most respectfully requests that this Honorable Court appoint Petitioner replacement counsel and hold an evidentiary hearing to determine if Petitioner received ineffective assistance of counsel and if Petitioner was prejudiced by the level of ineffective representation he received based on counsel's failure to press forward on Petitioner's behalf the advisory nature of the guidelines as it relates to the crack/powder cocaine disparity. Petitioner relies on Strickland v. Washington 466 U.S. 668.

Respectfully submitted,

James Bogarty, pro se
25193-038
FCI Fairton
P.O. Box 420
Fairton, New Jersey 08320