UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 04-10110-RWZ

UNITED STATES OF AMERICA

v.

JAMES BOGARTY

ORDER
April 23, 2010

ZOBEL, D.J.

Defendant was convicted on several counts of distribution of cocaine base and on March 22, 2006, sentenced to a term of imprisonment of 108 months. After the Sentencing Commission promulgated Amendment 706 to the Guidelines thus reducing the sentencing range, defendant moved for a reduction of his sentence. See 18 U.S.C. §3582(c)(2). The motion is denied because the sentence imposed derived from defendant's prior criminal record and his resultant status as a career offender.

The amount of the drug involved in these charges was relatively small, 4.67 grams, which would yield a total offense level of 24 after accounting for defendant's acceptance of responsibility, and, given his criminal record absent the interposition of the career offender provision the guidelines would calculate to a range of 70 to 87 months. Defendant's status as a career offender changed the calculus to produce a total offense level of 31 and criminal history category of VI and a range of 188 to 235 months. At sentencing the court declined to depart, but imposed a sentence of 108

months, 80 months below the low end of the range, based on a number of 18 U.S.C. § 3553 factors - avoidance of disparity among co-defendants, deterrence, and provision of needed educational and vocational training.  Counsel appointed for defendant in this proceeding cites <u>United States v. McGee</u>, 553 F. 3d 225 (2d Cir. 2008), in support of defendant's eligibility for a reduction, but, as he acknowledges, the facts supporting the sentence in this case do not fit the argument.  This sentence did not derive from the crack cocaine guideline range.

The motion is denied.

April 23, 2010
DATE

_____
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE